UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL M. WARD,<br><br>            Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>            Defendants. | Case No.  2:22-cv-02195-DAD-JDP (PS)<br><br>ORDER SCREENING PLAINTIFF'S FIRST AMENDED COMPLAINT AND GRANTING HIS MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF Nos. 2 & 4 |

Plaintiff Michael M. Ward filed a complaint against Megan Daniels, a social worker for Child Protective Services, and Christoph Guillon, deputy county counsel for the Department of Child and Family Services, allegingt that a state court improperly terminated his custody rights.[1] His complaint, however, fails to state a claim. I will give plaintiff a chance to amend his complaint before recommending dismissal. I will also grant his application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

---

[1] Plaintiff filed an amended complaint before I screened the original complaint.

1

1  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
2  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
3  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
4  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
5  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
6  1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
7  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
8  n.2 (9th Cir. 2006) (en banc) (citations omitted).
9      The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
10 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
11 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
12 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
13 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
14 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
15 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

17     Plaintiff Michael Ward brings this civil rights action against Megan Daniels, a social
18 worker for the County of Sacramento's Department of Child Protective Services ("CPS"), and
19 Christoph Guillon, deputy county counsel for Department of Child and Family Services. ECF
20 No. 4. The complaint alleges that plaintiff's four minor children were placed in protective
21 custody and that, after a child custody trial, plaintiff's parental were terminated. *Id.* at 3. The
22 complaint claims that several pieces of evidence were improperly excluded during the trial and
23 that trial counsel did not timely appeal to the California Appellate Court. *Id.* at 4-8. Plaintiff also
24 takes issue with certain actions taken by Megan Daniels and CPS. For example, the complaint
25 claims that plaintiff's children's Fourth Amendment rights were violated when CPS spoke with
26 the children at school without plaintiff's prior consent. *Id.* at 6. Additionally, plaintiff complains
27 that CPS improperly took the position that he needed to be evaluated for post-traumatic stress
28 disorder ("PTSD"), even though he had previously been evaluated for the disorder by Veterans

2

1  Affairs ("VA"). *Id.* at 8-10. Finally, plaintiff asserts that Daniels falsified and forged certain
2  legal documents. *Id.* at 11-12.

3        Plaintiff asks this court to alter the state court custody order and grant him full custody of
4  his children. *Id.* at 14. Attached to the complaint are several documents, including a declaration
5  from plaintiff's stepson, Steven Lucas; Sacramento County Police reports; emails from plaintiff's
6  trial counsel; and other miscellaneous documents. *Id.* at 15-47.

7        This court does not have jurisdiction over child custody claims, which are exclusively
8  matters of state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-04 (1992) (holding that the
9  domestic relations exception to federal subject matter jurisdiction "divests the federal courts of
10 power to issue divorce, alimony and child custody decrees"); *see also Peterson v. Babbitt*, 708
11 F.2d 465, 466 (9th Cir. 1983) (stating that "federal courts have uniformly held that they should
12 not adjudicate cases involving domestic relations, including 'the custody of minors and a fortiori,
13 right of visitation[';] the whole subject of domestic relations and particularly child custody
14 problems is generally considered a state law matter"). "Even when a federal question is
15 presented, federal courts decline to hear disputes [that] would deeply involve them in adjudicating
16 domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986).

17       Further, this court lacks subject matter jurisdiction to review final determinations of state
18 court custody proceedings. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir.
19 1986) ("The United States District Court . . . has no authority to review the final determinations
20 of a state court in judicial proceedings."). Under the *Rooker-Feldman* doctrine, a federal district
21 court does not have subject matter jurisdiction to hear an appeal from the judgment of a state
22 court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also*
23 *Dist. of Columbia Crt. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust*
24 *Co.*, 263 U.S. 413, 415 (1923). To determine whether the *Rooker-Feldman* doctrine bars a case, a
25 court must first determine if the federal action contains a forbidden de facto appeal of a state court
26 judicial decision. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the *Rooker-*
27 *Feldman* inquiry ends." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). If a court
28 determines that the action is a "forbidden de facto appeal," however, the court cannot hear the de

facto appeal portion of the case, and, "[a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158; *see also Bell*, 709 F.3d at 897 ("The 'inextricably intertwined' language from *Feldman* is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the *Rooker-Feldman* analysis."). A complaint is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state cour[t] and seeks relief from the judgment of that court." *Noel*, 341 F.3d at 1163.

Plaintiff asks this court to invalidate a state court decision, which is squarely what *Rooker-Feldman* prohibits. *In re Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000). A request to vacate a family court order is generally considered a de facto appeal and barred by *Rooker-Feldman*. *See Moore v. Cnty. of Butte*, 547 F. App'x 826, 829 (9th Cir. 2013); *Riley v. Knowles*, No. 1:16-CV-0057-JLT, 2016 WL 259336, at *3 (E.D. Cal. Jan. 21, 2016). Accordingly, plaintiff's action constitutes a "forbidden de facto appeal," and the court lacks subject matter jurisdiction. *See Johnson v. Child Protective Servs.*, No. 2:16-cv-763-GEB-EFB PS, 2017 WL 4387309, at *2 (E.D. Cal. Oct. 3, 2017) (finding that the *Rooker-Feldman* doctrine barred federal constitutional claims where a state court had entered a ruling regarding the removal and placement in foster care of plaintiffs' children).

The complaint also alleges a denial of familial association. Parents have a constitutionally protected liberty interest in the care and custody of their children. *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). "A parent's desire for and right to 'the companionship, care, custody and management of his or her children' is an important interest that 'undeniably warrants deference and, absent a powerful countervailing interest, protection." *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C.*, 452 U.S. 18, 27 (1981) (quoting *Stanley v. Illinois*, 405 U.S. 645, 651 (1972)); *accord Kelson v. City of Springfield*, 767 F.2d 651, 655 (9th Cir. 1985).

"While a constitutional liberty interest in the maintenance of the familial relationship exists, this right is not absolute. The interest of the parents must be balanced against the interests of the state and, when conflicting, against the interests of the children." *Woodrum v. Woodward*

*Cty., Okl.*, 866 F.2d 1121, 1125 (9th Cir. 1989).  The right to familial association has both a substantive and a procedural component.  *Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018) "While the right is a fundamental liberty interest, officials may interfere with the right if they "provide the parents with fundamentally fair procedures[.]"  <u>Keates</u>, 883 F.3d at 1236 (internal citations omitted); *see also Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 789 (9th Cir. 2016) (quoting *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 1999)) (The Fourteenth Amendment guarantees "that parents and children will not be separated by the state without due process of law except in an emergency.")

Here, plaintiff's four minor children were removed from his custody pursuant to a state court order that followed a trial.  Plaintiff has failed to demonstrate that the state court's order was issued in violation of his right to familial association, or that it was in any other way invalid. Plaintiff has failed to plead sufficient facts to demonstrate that he was not accorded the due process rights of notice and an opportunity to be heard.  *See Kirk v. I.N.S.*, 927 F.2d 1106, 1107 (9th Cir. 1991) ("Procedural due process requires adequate notice and an opportunity to be heard.").

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no longer serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an

5

amended complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

    3. Failure to comply with this order will result in the dismissal of this action.

    4. The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated:    November 20, 2023    _____
                                                   JEREMY D. PETERSON
                                                   UNITED STATES MAGISTRATE JUDGE