UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL M. WARD, | Case No. 2:22-cv-02195-DAD-JDP (PS) |
| Plaintiff, | **ORDER** |
| v. | DENYING PLAINTIFF'S MOTION TO CHANGE THE CASE NAME |
| COUNTY OF SACRAMENTO DEPARTMENT OF HEALTH, *et al.*, | ECF No. 9 |
| Defendants. | **FINDINGS AND RECOMMENDATIONS** |
| | THAT PLAINTIFF'S SECOND AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| | ECF No. 8 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff's second amended complaint alleges claims related to a state custody proceeding that resulted in plaintiff losing custody of his four children. ECF No. 8. As stated in previous screening orders, plaintiff's claims are inappropriate for federal proceedings. I now recommend that this case be dismissed without leave to amend.[1]

---

[1] Plaintiff has filed a motion asking that the case name be modified to reflect that defendant Megan Daniels worked for the Sacramento County Department of Child Protective Services, not the Department of Health and Human Services. ECF No. 9. Given that the second

1

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The second amended complaint alleges claims against two defendants—Megan Daniels, a social worker, and Judge Daniel Calabretta—for violation of plaintiff's constitutional rights in

---

amended complaint should be dismissed without leave to amend, I will denied the motion as unnecessary.

2

relation to a state custody case.[2] Plaintiff alleges that defendants violated his rights by improperly terminating his parental rights without a fair trial, and that Judge Calabretta was not impartial. ECF No. 9 at 5. He claims that Daniels improperly removed his children by obtaining a "fictitious warrant" and that she falsified an arrest record and lied under oath in order to persuade the trial judge to terminate his parental rights. *Id*. at 6-7. Plaintiff contends that, in addition to damages, he is entitled to custody of his children. *Id*.

As noted in my previous screening order, "state decisions regarding the welfare of children have been traditionally left to the state and to the state courts." *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983). Plaintiff has appended several other claims to his most recent amended complaint in an attempt to circumvent this rule, but none are adequate to survive screening. Rather, his claims run afoul of the *Rooker-Feldman* doctrine, which holds that federal courts lack subject matter jurisdiction over lawsuits that are effectively appeals from state court judgments. *See Reusser v. Wachovia Bank*, N.A., 525 F.3d 855, 858-59 (9th Cir. 2008) ("The *Rooker-Feldman* doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments."). Plaintiff's claims are, at a fundamental level, an attempt to relitigate the state court child custody proceedings. He argues that state officials falsified his arrest record, ECF No. 8 at 6, made false statements about physical abuse he allegedly visited on his children, *id.* at 7, and tampered with witness statements and testimony, *id.* at 9. These arguments go to the correctness of the state court's child custody determination and would require this court to reexamine many if not all of the elements of that decision. Other courts have found as much. *See Jasmin v. Santa Monica Police Dep't*, No. CV 16-06999-FMO (JDE), 2017 U.S. Dist. LEXIS 224486, at *49-51 (C.D. Cal. Sept. 22, 2017) (collecting cases discussing state court child custody decisions and the application of the *Rooker-Feldman* doctrine thereto).

To the extent plaintiff would argue an exception to the *Rooker-Feldman* doctrine by way of an allegation of extrinsic fraud, he has failed to sufficiently allege as much. Extrinsic fraud is

---

[2] At the time plaintiff filed this action, Judge Calabretta was a California Superior Court Judge. Currently, he is a district judge for the Eastern District of California.

defined as conduct that is more than merely deceptive, as plaintiff alleges here. Instead, such fraud must prevent a party from presenting his claim in court. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). Plaintiff has not alleged that any of the fraudulent actions by defendants prevented him from making his case in state court as to why he should retain custody of his children.

To the extent that plaintiff attempts to assert a judicial deception claim against Daniels related to her obtaining a "fictitious warrant," he fails to do so. "To support a § 1983 claim of judicial deception, a plaintiff must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding . . . ." *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004). Plaintiff's conclusory allegations that Daniels falsified documents and lied under oath are insufficient to show that she made a material misrepresentation.[3] *See Greene v. Camreta*, 588 F.3d 1011, 1035 (9th Cir. 2009), *vacated in part*, 563 U.S. 692 (2011), 661 F.3d 1201 (9th Cir. 2011) ("The alleged misrepresentation was 'material' to the granting of the removal order if the Juvenile Court would have declined to issue the order had [the defendant] been truthful.").

Plaintiff's other theories of the case fare no better. His contentions that defendants violated his rights under various federal statutes and state libel law are, ultimately, veneers for challenging the correctness of the state's courts custody decision and, thus, barred as stated above.[4]

---

[3] Plaintiff has attached a letter from Jennifer Lynn Santana, a woman with whom he apparently has a "friendship/dating" relationship, wherein Santana alleges inconsistencies between Daniels' and plaintiff's accounts. ECF No. 8 at 48-50. Her allegations, however, have little connection to the substance of the complaint, which focuses almost entirely on the alleged falsity of plaintiff's criminal history. *Id.* at 7. Documents attached to the complaint indicate that plaintiff was, in fact, arrested, *id.* at 51, 53, and, though he disputes its propriety, calling attention to its existence is not a material falsity.

[4] Plaintiff references the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and several sections of Title 18 of the United States Code. ECF No. 8 at 4, 8. Plaintiff's allegations do not implicate the ADA or Rehabilitation Act, and Title 18 is a criminal code that generally not provide a private right of action. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that criminal provisions provide no basis for civil liability); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) ("We affirm the dismissal of Allen's claims under 18 U.S.C. §§ 241 and 242 because these are criminal statutes that do not give rise to civil

Lastly, plaintiff cannot maintain his claims against Judge Calabretta, who is entitled to judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 360-61 (1978) ("Because the court over which Judge Stump presides is one of general jurisdiction, neither the procedural errors he may have committed nor the lack of a specific statute authorizing his approval of the petition in question rendered him liable in damages for the consequences of his actions."); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature.").

In light of the second amended complaint's deficiencies and that plaintiff has already been given leave to amend, I find that granting plaintiff another opportunity to amend would not cure the complaint's deficiencies. I therefore recommend that dismissal be without leave to amend. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citations omitted).

Accordingly, it is hereby ORDERED that plaintiff's motion to modify the case name, ECF No. 9, is denied.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's second amended complaint, ECF No. 8, be DISMISSED without leave to amend for failure to state a cognizable claim.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to

---

liability.").


Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:   July 17, 2024                                    _____
                                                          JEREMY D. PETERSON
                                                          UNITED STATES MAGISTRATE JUDGE