UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL M. WARD,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>    Defendants. | No. 2:22-cv-02195-DAD-JDP (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br>(Doc. No. 10) |

    Plaintiff Michael M. Ward, proceeding *pro se* and *in forma pauperis*, initiated this civil action on December 9, 2022. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On July 17, 2024, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's second amended complaint ("SAC") (Doc. No. 8) be dismissed for failure to state a claim. (Doc. No. 10.) In the findings and recommendations, the magistrate judge first found that plaintiff's allegations challenging the termination of his parental rights fall squarely within the scope of the *Rooker-Feldman* doctrine and he fails to allege any exception to the *Rooker-Feldman* doctrine. (*Id*. at 3) (citing *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858–59 (9th Cir. 2008) ("The *Rooker-Feldman* doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments.")).

1

1 | The magistrate judge next concluded that plaintiff had failed to assert a judicial deception claim
2 | against defendant Daniels because plaintiff's conclusory allegations were insufficient to show that
3 | she made a material misrepresentation.  (Doc. No. 10 at 4.)  Finally, the magistrate judge
4 | concluded that plaintiff could not maintain his claims against Judge Daniel Calabretta, who is
5 | entitled to judicial immunity.[1]  (*Id*. at 5) (citing *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th
6 | Cir. 1988) ("Judges are absolutely immune from damages actions for judicial acts taken within
7 | the jurisdiction of their courts. . . .  A judge loses absolute immunity only when [the judge] acts
8 | in the clear absence of all jurisdiction or performs an act that is not judicial in nature.").)  For
9 | these reasons, the magistrate judge concluded that the SAC should be dismissed, without further
10 | leave to amend.  (*See* Doc. No. 10 at 5) ("In light of the second amended complaint's deficiencies
11 | and that plaintiff has already been given leave to amend . . . granting plaintiff another opportunity
12 | to amend would not cure the complaint's deficiencies.").  Those pending findings and
13 | recommendations were served on plaintiff and contained notice that any objections thereto were
14 | to be filed within fourteen (14) days after service.  (*Id*.)  On July 31, 2024, plaintiff filed
15 | objections to the pending findings and recommendations.  (Doc. No. 11.)

In his objections, plaintiff first argues that the actions of defendant Daniels, as a social worker, are not entitled to qualified immunity.  (*Id*. at 1–3.)  He argues that "qualified immunity has no basis in law" and that "the laws that [defendant Daniels] violated was [sic] clearly established."  (*Id*. at 1.)  However, the magistrate judge made no finding regarding qualified immunity as to defendant Daniels or any other defendant.  The magistrate judge's recommendation to dismiss plaintiff's SAC does not in any way rely upon a finding of qualified immunity.  Accordingly, plaintiff presents no basis upon which to reject the magistrate judge's finding that plaintiff has not stated a claim against defendant Daniels.

In the remainder of his objections, plaintiff simply restates his claims under the Fourth Amendment, the Fourteenth Amendment, and 18 U.S.C. § 242.  (Doc. No. 11 at 4–7.)  In this

---

[1] As the magistrate judge noted, at the time that plaintiff filed this action, Judge Calabretta was a California Superior Court Judge.  He is now a district judge for the Eastern District of California.  (Doc. No. 10 at 3.)

2

1  restatement, he provides factual background regarding the alleged wiretap of his phone,
2  interviews of his children, and removal of his children from his custody.  (*Id*.)  However, plaintiff
3  does not meaningful address any of the analysis in the pending findings and recommendations.
4  Accordingly, the court finds that these arguments do not present a basis upon which to reject the
5  magistrate judge's recommendations.
6       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
7  *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the
8  findings and recommendations are supported by the record and by proper analysis.
9       Accordingly,
10       1.     The findings and recommendations issued on July 17, 2024 (Doc. No. 10) are
11            adopted in full;
12       2.     Plaintiff's second amended complaint (Doc. No. 8) is dismissed, without leave to
13            amend; and
14       3.     The Clerk of Court is directed to close this case.
15       IT IS SO ORDERED.
16  Dated:   **November 7, 2024**
17                                            DALE A. DROZD
                                          UNITED STATES DISTRICT JUDGE

3